IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERT LOUIS SCARPULLA, JR., | § | |
| TDCJ-CID NO.1129969, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION H-06-2270 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Albert Louis Scarpulla, Jr., an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2002 state court felony conviction on two counts of arson. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I.    PROCEDURAL HISTORY

Petitioner reports that he entered a guilty plea to two counts of arson in the 262nd State District Court of Harris County, Texas, in cause numbers 916893 and 916894. On October 14, 2002, petitioner was sentenced to ten years confinement in TDCJ-CID on each count. (Docket Entry No.1). Petitioner did not file a motion for new trial or a notice of appeal from his arson conviction. Thus, under Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after the day his sentence was imposed, on or about November 14, 2002. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed a state habeas application on each count on March 31, 2003, which the Texas Court of Criminal Appeals denied on May 21, 2003. Texas court website[1] Petitioner filed the

---

[1]    *See*   http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2121218; www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2121219.

pending federal petition for a writ of habeas corpus with this Court on May 31, 2006.[2] Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on the grounds that his conviction was obtained by a coerced confession, he was denied the effective assistance of counsel at trial, his plea was involuntary, and there was no evidence to support the conviction. (Docket Entry No.1).

II.     ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] The district clerk actually recorded the petition as filed on July 7, 2006, but petitioner indicates that he mailed the petition in May 31, 2006. For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

2

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

Under the provisions of the AEDPA, petitioner's one-year limitation period began on November 14, 2002, the last day petitioner could have filed a motion for new trial or a direct appeal in state court. See TEX. R. APP. PROC. 26.2(a)(1). That date triggered the one-year limitations period which expired on November 14, 2003. Petitioner's state habeas application was filed on March 31, 2003, and was pending for fifty-one days until May 21, 2003. A properly filed state writ application tolls the limitations period while the claim or judgment is pending in state court. 28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999) (concluding petition filed in accordance with state's procedural filing requirements tolls one-year limitations period during pendency of petition). The pendency of this application tolled the limitations period for filing the federal application until January 4, 2004. Petitioner filed the pending federal habeas action on May 31, 2006, well after the expiration of the limitations period. Therefore, his federal habeas petition is untimely and subject to dismissal.

In response to the Court's Order, entered August 17, 2006, directing petitioner to address the limitations issue and equitable tolling (Docket Entry No.6), petitioner offers the following reasons for his failure to file a federal habeas petition within the applicable limitations period. (Docket Entry No.7). First, petitioner contends that he is a layman with respect to the use of the law library and he had no one to explain to him how to use the library. (*Id.*). Next, petitioner contends that on August 2, 2005, while incarcerated on the Dominguez Unit of TDCJ-CID, he received notice from the Texas Court of Criminal Appeals that his state habeas application had been denied on May 21, 2003. (*Id.*). Someone at the Dominguez Unit law library advised plaintiff that he was unable to file a federal habeas petition but that he should re-file his state application upon his release. (*Id.*). Petitioner left the Dominguez Unit on October 25, 2004, and remained in transit until November 18, 2005.[3] In May of 2006, while incarcerated on the Robertson Unit, petitioner was made aware that he could still file a federal habeas petition regardless of the notice received from the Texas Court of Criminal Appeals. (*Id.*).

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, he makes no showing of a newly recognized constitutional right upon which the petition is based; nor does he lay a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Therefore, the one-year statute of limitations for filing a federal habeas petition in this case is calculated from the date petitioner's judgment of conviction became final.

To the extent that petitioner seeks equitable tolling of the limitations period, he fails to show his entitlement to such relief. Equitable tolling applies principally where the plaintiff is actively

---

[3] Petitioner does not explain how in 2005, while incarcerated on the Dominguez Unit, he could have received notice from the Texas Court of Criminal Appeals about the disposition of his state habeas application, when he was transferred from the Dominguez Unit in 2004.

misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher v. Johnson*, 174 F.3d 710, 715, n.14 (5th Cir.1999). To be entitled to equitable tolling, a petitioner must diligently pursue his post-conviction relief. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). A habeas petition has the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797 (5th Cir. 2000).

"[I]gnorance of the law or of statute of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). That petitioner proceeds without counsel likewise does not warrant equitable tolling. *Id.* at 171. Neither unfamiliarity with the legal process nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher,* 174 F.3d at 714.

A delay in receiving notification of the denial of a state habeas application may qualify for equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part on other grounds*, 223 F.3d 797 (5th Cir. 2000). In such an instance, the diligence of the petitioner is of foremost concern because "equitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon*, 259 F.3d at 408. In this case, petitioner fails to show that he diligently pursued state and federal habeas relief. Petitioner waited over four months after his conviction was final to file his state habeas application and approximately ten months after receiving notice of the disposition of the state application to file the pending federal petition. *See Nelms v.*

*Johnson*, 51 Fed. Appx. 482 (5th Cir. 2002) (not selected for publication) (noting that "court has found no case in which equitable tolling was granted after a petitioner had let ten months of the AEDPA limitations period slip by); *Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002) (finding four-day delay in filing federal habeas petition by death row inmate did not justify equitable tolling: courts focus "on the reasons for missing the deadline rather than on the magnitude of the tardiness"). *See also Lewis v. Cockrell*, 275 F.3d 46 (5th Cir. 2001) (not selected for publication) (holding that a district court may properly consider the diligence of a petitioner both before and after he receives delayed notice of the denial of his PDR). Because petitioner has not demonstrated that he acted diligently while pursuing habeas relief in both the federal and state courts, he is not entitled to equitable tolling based on the Court of Criminal Appeals' alleged delay in notifying him of the denial of his state habeas application. *See Fisher*, 174 F.3d at 713 n.11 (noting that "[e]quity is not intended for those who sleep on their rights).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III.     CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir.

2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in this Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore a certificate of appealability from this decision will not issue.

IV. CONCLUSION

    Accordingly, the court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. A certificate of appealability is DENIED.

3. This cause of action is DISMISSED with prejudice.

4. All pending motions, if any, are DENIED.

    Signed at Houston, Texas, on this 8th day of January, 2007.

                                                 MELINDA HARMON
                                                 UNITED STATES DISTRICT JUDGE